**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NATASHA PERRY, on behalf of herself and all others similarly situated,** | ) | **CASE NO. 1:25CV1783** |
| **Plaintiff,** | ) | |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **AMAZON.COM SERVICES LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #29) of Plaintiff Natasha Perry for Certification of Interlocutory Appeal under U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal. For the following reasons, the Motion is denied.

## I. BACKGROUND

On November 17, 2025, Plaintiff Natasha Perry filed the Amended Class Action and Collective Action Complaint (ECF DKT #11) to recover unpaid wages, penalties, attorneys' fees and costs on behalf of herself and all others similarly situated for time spent in post-shift secondary security screening in Defendant Amazon's facilities. In the five-Count Amended Complaint, Plaintiff sought recovery of straight-time and overtime wages: Count One - Overtime Violations of the Ohio Minimum Fair Wage Standards Act (OMFWSA) pursuant to R.C. § 4111.10(C) on behalf of Plaintiff and the members of the Collective; Count Two - Breach of Contract, oral and written, on behalf of Plaintiff and the Rule 23 Class; Count Three - Quantum Meruit on behalf of Plaintiff and the Rule 23 Class; Count Four - Unjust Enrichment

on behalf of Plaintiff and the Rule 23 Class; and Count Five - Violations of the Ohio Prompt Pay Act (OPPA) on behalf of Plaintiff and the Rule 23 Class.

In its April 20, 2026 Opinion and Order (ECF DKT #27), the Court granted Defendant's Motion to Dismiss Count One because the OMFWSA expressly incorporates the federal Portal-to-Portal Act of 1947 under which Plaintiff is not entitled to recover overtime compensation for security screening time. The Court dismissed Count Five because Plaintiff cannot proceed with an OPPA claim where there is a contest or dispute over wages allegedly owed. The Court found that Counts Two, Three and Four plausibly alleged claims for Breach of Contract, Quantum Meruit and Unjust Enrichment and could proceed.

In her Motion (ECF DKT #29), Plaintiff requests certification pursuant to 28 U.S.C. § 1292(b) of the portions of the Court's Opinion and Order that dismissed Counts One and Five of the Amended Complaint. As for the OMFWSA claim in Count One, Plaintiff argues that no appellate court (state or federal) has construed R.C. § 4111.031(B) since it was amended in 2022, nor provided a "definitive statement as to the effect of Division (B)" with regard to compensable work. Plaintiff also contends that federal courts in Ohio have come to opposite conclusions on the viability of the Count Five OPPA claim in the face of a wage dispute. Plaintiff posits that only the Sixth Circuit can resolve the disagreement; and that an interlocutory appeal will avoid duplicating discovery and motion practice.

In opposition, Defendant asserts that the Court's analysis of the OMFWSA claim is sound. Further, Defendant insists that Plaintiff offers no substantial basis for questioning the correctness of the Count One dismissal. Defendant disagrees that there are countervailing precedents in Ohio and in this Circuit concerning the OPPA claim in Count Five which would

justify an immediate appeal. Moreover, each of Plaintiff's five claims seeks recovery of wages for secondary screenings on behalf of hourly Amazon employees in Ohio for the same time period. An interim appeal would not foster the legitimate interest of the parties and the Court in reaching a resolution of this litigation.

## II. LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order....

The Sixth Circuit has held that "[t]he district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves **a controlling question of law** to which there is [2] **substantial ground for difference of opinion** and ... [3] an immediate **appeal may materially advance the termination of the litigation**.'" *In re Donald J. Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (citing 28 U.S.C. § 1292(b)). (Emphasis added).

The decision of whether to certify an interlocutory appeal pursuant to § 1292(b) lies within the discretion of the court. *Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*, 2010 WL 4365514 at * 9 (N.D. Ohio Oct. 27, 2010). Allowing for interlocutory appeal is generally disfavored and should be granted "sparingly." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). See also *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966);

*United States Security & Exchange Comm'n v. Geswein*, 2 F.Supp.3d 1074, 1086 (N.D. Ohio 2014); *Lang v. Crocker Park, LLC*, 2011 WL 3297865 at * 2 (N.D. Ohio July 29, 2011).

An interlocutory appeal is "not intended as a vehicle to provide early review of difficult rulings in hard cases." *Infocision Mgmt. Corp*., 2010 WL 4365514 at * 9. "[D]oubts regarding appealability . . . [should be] resolved in favor of finding that the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143- 144 (6th Cir. 1995); see also *Geswein,* 2 F.Supp.3d at 1086.

Judicial precedent suggests that review is only appropriate "in exceptional cases." *In re Trump*, 874 F.3d at 952, citing *Kraus*, 364 F.2d at 922.

**Question of controlling law**

Defendant concedes that the first factor for certification is satisfied. Whether or not Plaintiff's Amended Complaint states claims to relief that are plausible on their face is a question of law and controlling. "The sufficiency of a complaint is a question of law." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). The Court's decision on whether Plaintiff is able to recover under the OMFWSA and the OPPA materially impacts the outcome of the case and is controlling. *In re City of Memphis*, 293 F.3d at 351.

**Substantial ground for difference of opinion**

A substantial ground for difference of opinion regarding the correctness of the decision exists when "'(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.'" *In re Miedzianowski*, 735 F.3d

383, 384 (6th Cir. 2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, 2008 WL 5084203 at *3 (E.D. Mich. Nov.24, 2008)).

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *In re Trump*, 874 F.3d at 952; *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese, id.*

Although Plaintiff correctly points out that no state or federal court in this jurisdiction has analyzed the 2022 OMFWSA and thus, the Court was confronted with an issue of first impression in Count One, the level of difficulty was not such as to warrant interlocutory review. The Court applied relevant established standards of statutory construction by assigning common reasonable meaning to each word and clause used in R.C. § 4111.031(B). Moreover, the Court did not struggle to harmonize the Ohio statute with the Portal-to-Portal Act of 1947 and with the U.S. Supreme Court precedent in *Integrity Staffing Solutions v. Busk*, 574 U.S. 27 (2014) (holding that time spent by employees waiting for and undergoing security screenings before leaving the workplace was not compensable and it is erroneous to focus on whether an employer required a particular activity).

Additionally, Plaintiff contends that certification of an interlocutory appeal is appropriate because Ohio courts are split as to the meaning of the Prompt Pay Act. Therefore, Plaintiff insists a "substantial ground for difference of opinion exists." In *Monahan v. Smyth Automotive, Inc.*, 2011 WL 379129 (S.D. Ohio Feb. 2, 2011), the Southern District opined that the existence

of a dispute over wages did not defeat a R.C. § 4113.15 claim, because Section (A) provides for recovery of actual damages and Section (B) provides for liquidated damages if no contest or dispute exists over the reason for nonpayment. However, in *Garner v. Cleveland Clinic Foundation*, 735 F.Supp.3d 867 (N.D. Ohio 2024), this Court determined that Section (A) and Section (B) of R.C. § 4113.15 do not allow for separate causes of action. The statute is not read in the disjunctive. Section (A) defines the time frame in which an employer must pay its employees their wages earned and Section (B) provides for a liquidated penalty for not paying wages in the time proscribed by the statute.

The Court is not persuaded by Plaintiff's assertion that "fair-minded jurists" necessarily might reach a contrary conclusion than that reached in the April 20, 2026 Opinion and Order here. In a very recent decision, *Morse v. Fifty West Brewing Company LLC*, 2026 WL 872495, *17 (S.D. Ohio Mar. 30, 2026), the Southern District agreed with several other district courts that "Section 4113.15(A) defines the time frame in which an employer must pay its employees their wages earned and Section 4113.15(B) describes the liquidated penalty for not paying wages in the time proscribed by the statute." The *Morse* court concurred with *Garner,* and noted further: "While the Court is not bound to follow other district courts, the majority of courts have found that an OPPA claim is completely unavailable where a dispute exists. *See, e.g., Terry v. Pro-Mark Contracting, LLC*, No. 1:14-cv-2542, 2016 WL 3421399, at *6 (N.D. Ohio June 22, 2016) ("The Prompt Pay Act, O.R.C. § 4113.15, does not apply to disputed wages."); *Sutka v. Yazaki N. Am. Inc*., 256 F. Supp. 3d 677, 682 (E.D. Mich. 2017)." *Morse, id.*, 2026 WL 872495, *17. Consequently, the Court, consistent with its prior decision in *Garner* and with many district court decisions in the Circuit, is not of the belief that a substantial ground for difference of

opinion exists to support certification of an interlocutory appeal.

**Materially advancing the ultimate termination of the litigation**

Plaintiff seeks clarity on behalf of Ohio workers and employers like Amazon. Plaintiff proposes that allowing an interlocutory appeal at this juncture will avoid restructuring and duplication of discovery, class certification, dispositive motion practice and trial.

However, all Counts pled in Plaintiff's Amended Complaint share the same facts, witnesses and evidence; though the theories of recovery (common-law versus statutory) differ. In the Court's view, pausing this litigation and allowing for a possible interlocutory appeal will "not avoid trial or substantially shorten the litigation." *Hawes v. Macy's Inc.*, 2019 WL 1492237 at * 3 (S.D. Ohio Apr. 4, 2019). Preventing delay and duplication of effort is not enough to support certification of an interlocutory appeal. The Court must believe that an immediate appeal may **materially advance the ultimate termination** of the litigation. The Court is not convinced of that here.

## III. CONCLUSION

Having considered each of the three factors set forth in 28 U.S.C. § 1292(b), the Court finds that the within matter is not an exceptional case; and further finds that Plaintiff has not met her burden of demonstrating that an interlocutory appeal is justified. Therefore, the Motion (ECF DKT #29) of Plaintiff Natasha Perry for Certification of Interlocutory Appeal under U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal is denied.

**IT IS SO ORDERED.**
**DATE: July 29,2026**

**s/Christopher A. Boyko**
**JUDGE CHRISTOPHER A. BOYKO**
**UNITED STATES DISTRICT COURT**